IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAMERON J. WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 23-1417 (MN) |
| WALMART INC., et al., | ) ) ) |
| Defendants. | ) |

**<u>MEMORANDUM OPINION</u>**

Cameron J. Williams, Smyrna, Delaware – *Pro Se* Plaintiff

Carla Michelle Jones and Lauren Elizabeth Moak Russell, POTTER ANDERSON & CORROON, LLP, Wilmington, Delaware – Counsel for Defendants Walmart, Walton Enterprises, Carl Douglas McMillon, and Sam's Club

August 18, 2025
Wilmington, Delaware


**NOREIKA, U.S. DISTRICT JUDGE:**

On December 11, 2023, Plaintiff Cameron J. Williams initiated this action pro se with the filing of a complaint alleging employment discrimination and related claims. (D.I. 2). Presently before the Court are two motions to dismiss. (D.I. 19, 20). In one, Defendants Carl Douglas McMillon and Walton Enterprises move to dismiss all claims against them because the complaint includes no facts alleged against them specifically. (*See* D.I. 19). In the other, Defendants Walmart and Sam's Club move to dismiss the defamation and false claim causes of action asserted against them. (*See* D.I. 20). For the reasons set forth below, the Court will grant Defendants' motions to dismiss.

**I.      BACKGROUND**

According to the complaint, on September 17, 2022 Plaintiff was wrongfully discharged from a Walmart Distribution Center.[1] (D.I. 2 at 4). Approximately two months earlier, Plaintiff had been injured on the job. (*Id.*). Following the injury, Plaintiff "went to occupational health at [his] employer's request," and Plaintiff was placed on "light duty," but "even the 'light duty' of walking[, ]sweeping, bending, and picking up trash the whole shift was causing too much pain," so approximately three weeks after being injured, Plaintiff applied for and was approved for short-term disability benefits. (*Id.* at 4-5).

Nine days before Plaintiff was discharged, an occupational health worker "signed [Plaintiff's] work restriction from 'light duty' to sedentary work restrictions (jobs sitting, and then standing for 15 min[utes], every 2 h[ou]rs to stretch)." (*Id.* at 5). Plaintiff returned to the distribution center on sedentary work restrictions five days before he was discharged, but there

---

[1]     Liberally construing the complaint, the Court understands Plaintiff's employer to be the Smyrna distribution center for Defendants Walmart and Sam's Club.

"was a reduction in [his] department, so [everyone in the department] only worked a half shift that day." (*Id.*).

Plaintiff was discharged shortly after he arrived for his next scheduled shift. (*Id.*). That day, Plaintiff arrived and "clocked in," but then during the "shift start up" meeting, the manager told Plaintiff to "clock out" and said, "I hate to do this to you, but we have to let you go." (*Id.* at 5-6). Plaintiff was escorted out of the building, his badge was taken, he was told to call Human Resources ("HR") for further instructions and he was given no exit paperwork. (*Id.* at 6). Plaintiff called HR several times. In November he received a return call but never received an explanation for his termination. (*Id.*).

Plaintiff filed an administrative complaint or charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on a date not specified because he believed that he was wrongfully terminated based on his disability. (*Id.*; *see also* D.I. 2-1 at 1). A copy of the charge of discrimination was not submitted with the complaint. In response to the charge, Plaintiff's employer relayed to the EEOC that Plaintiff had "walked off the job [and] was not terminated." (D.I. 2 at 7). Plaintiff's employer also stated that Plaintiff was a part-time employee even though he "worked over 32 hours [per week], and [he was] hired as a full[-]time worker with full benefits." (*Id.*).

The EEOC issued a Determination and Notice of Rights for Plaintiff's case on September 14, 2023. (D.I. 2-1 at 1). The EEOC determined to "not proceed further with its investigation and ma[de] no determination about whether further investigation would establish violations of the statute." (*Id.*). The EEOC notified Plaintiff that he could file a lawsuit against his employer within 90 days, and Plaintiff timely initiated this action. (*Id.*).

2

The complaint alleges that the foregoing caused Plaintiff physical, mental and financial injuries. (D.I. 2 at 8). Plaintiff seeks $4.5 million in lost wages, compensatory damages, and punitive damages. (*Id.*). Plaintiff seeks punitive damages because he believes that his employer retaliated against him for filing a worker's compensation claim after he sustained an on-the-job injury, wrongfully terminated him because of his disability resulting from the injury and then made false claims to the EEOC, which Plaintiff believes were defamatory. (*Id.*).

## II. <u>LEGAL STANDARDS</u>

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A possibility of relief is not enough. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In determining the sufficiency of the complaint, the court must assume all "well-pleaded facts" are true but need not assume the truth of legal conclusions. *Id.* at 679. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotation marks omitted).

Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III.    DISCUSSION

First, the complaint includes no facts from which the Court can infer the involvement of Defendants McMillon and Walton Enterprises. (*See* D.I. 2). All facts alleged pertain to what occurred between Plaintiff and his employer, the Smyrna distribution center for Defendants Walmart and Sam's Club. With no involvement alleged, the complaint fails to state discrimination by, or other causes of action against, Defendants McMillon and Walton Enterprises. Accordingly, Defendants McMillon and Walton Enterprises will be terminated as parties to this action.

Next, the Court considers the defamation causes of action against Defendants Walmart and Sam's Club, arising under Delaware State law.[2] Underlying these causes of action are claims Plaintiff's employer allegedly made to the EEOC in response to Plaintiff's administrative complaint or charge of discrimination. (*Id.* at 7-8; *see also* D.I. 2-1 at 1-3). Defendants correctly assert in briefing that "[i]n Delaware, an absolute privilege attaches to all statements made in the course of judicial proceedings," and that this "absolute privilege bars Plaintiff's defamation claims based upon communications made by Defendant, its attorneys, and employees during the course of [Delaware Department of Labor] and EEOC litigation." *Carroll v. ABM Janitorial Servs.-MID*

---

[2] Defamation arising under Delaware State law requires the following: "1) a false and defamatory communication concerning the plaintiff, 2) publication of the communication to third parties, 3) understanding of the defamatory nature of the communication by the third party, 4) fault on the part of the publisher, and 5) injury to the plaintiff." *Smiley v. Daimler Chrysler*, 538 F. Supp. 2d 711, 715-16 (D. Del. 2008) (citation omitted). A defamatory communication is one that "tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Id.* at 716 (quoting *Henry v. Delaware Law School of Widener University, Inc.*, 1998 WL 15897, at *10 (Del.Ch. Jan. 12, 1998) (citing Restatement (Second) of Torts § 559 (1977))).

*Atl., Inc.*, 970 F. Supp. 2d 292, 300 (D. Del. 2013), *aff'd*, 569 F. App'x 110 (3d Cir. 2014). (*See* D.I. 20 at 4).  As the allegedly defamatory statements were made by Plaintiff's employer during an EEOC proceeding, in a response to Plaintiff's charge of discrimination, Plaintiff's defamation-based causes of action are barred by the absolute privilege that attaches to all statements made during judicial proceedings.  *See id.*  Accordingly, the defamation claims asserted in the complaint will be dismissed as a matter of law.

Finally, the Court considers the false claims causes of action against Defendants Walmart and Sam's Club, arising from the allegedly defamatory statements discussed above.  Under the False Claims Act, a party can be liable for a civil penalty upon defrauding the government. *See* 31 U.S.C. § 3729 (establishing civil liability for certain specified acts).  No facts alleged in the complaint suggest that either Defendant Walmart or Sam's Club was involved in activity prohibited by the False Claims Act.  *See id.*  As such, to the extent that Plaintiff intended to raise claims pursuant to the False Claims Act, they will be dismissed.

### IV.   CONCLUSION

For the above reasons, the Court will grant Defendants' motions to dismiss.  (D.I. 19, 20.)  Defendants McMillon and Walton Enterprises will be terminated as parties to this action.  Causes of action based on the False Claims Act or the Delaware State tort of defamation will be dismissed.  This case will proceed on all other claims asserted against Defendants Walmart and Sam's Club.

An appropriate Order will be entered.